# Supreme Court of Louisiana

The Opinions handed down on the **20th day of October, 2023** are as follows:

**PER CURIAM:**

2023-C-00121     *PATRICIA GOFF AND MARK GOFF  VS.  DR. ROBIN L. YUE (Parish of Beauregard)*

AFFIRMED. SEE PER CURIAM.

Crain, J., dissents and assigns reasons.

PATRICIA GOFF AND MARK GOFF

VS.

DR. ROBIN L. YUE

On Writ of Certiorari to the Court of Appeal, Third Circuit, Parish of Beauregard

PER CURIAM

This matter arises from a medical malpractice action filed by plaintiffs against Dr. Robin Yue. After a bench trial, the district court rendered judgment in favor of Dr. Yue, finding the plaintiffs failed to prove by a preponderance of the evidence that Dr. Yue committed malpractice.

Plaintiffs appealed. The court of appeal unanimously held the district court committed manifest error in ruling the plaintiffs did not meet their burden of proving Dr. Yue committed malpractice. Accordingly, the court of appeal reversed the judgment of the district court and awarded damages. *Goff v. Yue*, 2022-78 (La. App. 3 Cir. 12/7/22), 362 So.3d 855. Upon Dr. Yue's application, we granted certiorari to consider the correctness of the court of appeal's judgment.[1]

After a thorough review of the record, and considering the briefing and argument of the parties, we find no reversible error in the judgment of the court of appeal.[2] *See Mart v. Hill*, 505 So.2d 1120, 1127 (La. 1987) ("[a]lthough appellate courts must accord great weight to the factual findings of the trial judge, these same

---

[1] Plaintiffs also applied to this court under docket number 2023-C-0098. We have denied that application in a separate disposition.

[2] We recognize the court of appeal's opinion referred to some evidence which was not properly introduced into the record. However, considering the record as a whole, we find any error in this regard is harmless as it did not result in prejudice or affect the outcome of the court's decision. *See Buckbee v. United Gas Pipe Line Co. Inc.*, 561 So.2d 76, 85 (La. 1990) ("[e]rror has been defined as harmless when it is 'trivial, formal, merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the final outcome of the case'")(citing 5 Am.Jur.2d, Appeal and Error § 776 (1962)).

courts have a duty to determine if the fact finder was justified in his conclusions.").

Accordingly, we affirm the judgment of the court of appeal.

## DECREE

For the reasons assigned, the judgment of the court of appeal is affirmed.

SUPREME COURT OF LOUISIANA

No. 2023-C-00121

PATRICIA GOFF AND MARK GOFF

VS.

DR. ROBIN L. YUE

On Writ of Certiorari to the Court of Appeal, Third Circuit, Parish of Beauregard

**CRAIN, J.**, dissenting.

The appellate court's function is not to decide factual issues *de novo*. *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989). Instead it must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Stobart v. State of Louisiana, Through Dep't of Transp. and Dev.*, 92-1328 (La. 4/12/93), 617 So.2d 880, 882. Thus, the question is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was reasonable. *Id.* Here, the trial court found plaintiffs failed to prove Dr. Yue committed malpractice. Whether a plaintiff has met his burden under the Louisiana Medical Malpractice Act is a question of fact. *Martin v. East Jefferson Gen. Hosp.*, 582 So.2d 1272, 1276 (La. 1991). Therefore, this finding may not be reversed on appeal unless it is clearly wrong or no reasonable basis exists for it.

Reviewing the record in its entirety, the trial court's judgment was not manifestly erroneous. A medical review panel consisting of three physicians reviewed plaintiffs' claims and concluded Dr. Yue did not breach the standard of care. The opinion of this medical review panel was admitted into evidence and considered by the trial court. This piece of evidence alone is sufficient to support the trial court's decision.

1

In addition to the opinion of the medical review panel, the trial court also considered the testimony of all physicians who testified in this case to conclude plaintiffs did not meet their burden. While there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Rosell*, 549 So.2d at 844. Moreover, when there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. *Id.* Since there is evidence and testimony to support the trial court's ruling, it cannot be said that this judgment was unreasonable or clearly wrong.

When the trial court's findings are reasonable in light of the record reviewed in its entirety the court of appeal may not reverse, "even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Stobart*, 617 So.2d at 883. Finding the trial court's decision to be reasonable, I dissent and would reinstate the judgment of the trial court.